UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICE, AND PRODUCT LIABILITY LITIGATION

This Document Relates to:

| | |
|---|---|
| Maudie H. Davis | 06-0446 CRB |
| Bernice Maddox | 06-0446 CRB |
| May Joy Bradley | 06-5258 CRB |
| Dustin Stacy | 07-3494 CRB |
| Alvin Wright | 10-3060 CRB |

CASE NO. MDL No. 1699

**[~~PROPOSED~~] ORDER GRANTING PFIZER DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIMS WITH PREJUDICE**

**PTO 31 COMPLIANCE MOTION NOS. 6 AND 7**

Date: February 4, 2011
Time: 9:30 a.m.
Judge: Hon. Charles R. Breyer

THIS MATTER having come before the Court on the Pfizer Defendants' Expedited Motion to Dismiss Plaintiffs' Claims with Prejudice; the parties having received due notice and having had the opportunity to be heard; and this Court having considered all submissions made in support of and in opposition to the motion, finds as follows:

Plaintiffs listed in the caption to this Order have failed to comply with Pretrial Order No. 31 ("PTO 31") and Pretrial Order No. 35 ("PTO 35") by failing to provide Defendants with a

completed Docket Data Sheet ("DDS") and documents responsive to the requests contained in the DDS (plaintiff Alvin Wright) and a Case-Specific Expert Report (May Joy Bradley, Maudie H. Davis, Bernice Maddox, and Dustin Stacy) (collectively, "the material required by PTO 31 and PTO 35"). Plaintiffs also have failed to comply with the orders issued by the Special Master, Judge Fern M. Smith (Ret.) on October 7, 2010 and December 16, 2010, requiring plaintiffs to provide the material required by PTO 31 and PTO 35 by October 14, 2010 and December 16, 2010, respectively, or face dismissal with prejudice ("the Compliance Orders"). Plaintiffs' failure is particularly egregious given the numerous efforts the Court and the parties have made to provide notice of Plaintiffs' discovery obligations. (*See* Pfizer Defs.' Mem. of P. & A. in Supp. of Mot., at 3-5; Declaration of Michelle W. Sadowsky in Supp. of Pfizer Defs.' Mot. to Dismiss, ¶¶ 2-13.)

Based on these failures, the Court also finds as follows:

(1) The public's interest in expeditious resolution of this litigation is compromised by Plaintiffs' failure to comply with PTO 31 and PTO 35 and the Special Master's Compliance Orders. This Court and the public have an overriding interest in securing the just, speedy, and inexpensive determination of every action. Plaintiffs' delay is unreasonable and has impeded the resolution of these matters.

(2) The Court's need to manage its docket is compromised by plaintiffs' failure to comply with PTO 31 and PTO 35 and the Special Master's Compliance Orders. The Court cannot effectively move forward with the cases in which plaintiffs have provided the required discovery when other plaintiffs have failed to do so. Dismissal of these Plaintiffs will serve to appropriately penalize these Plaintiffs for their non-compliance and also will encourage other plaintiffs to comply with this Court's case management orders.

(3) Defendants are prejudiced by Plaintiffs' failure to comply with PTO 31 and PTO 35 and the Special Master's Compliance Orders. Without the material required by PTO 31 and PTO 35, the Pfizer Defendants cannot meaningfully evaluate plaintiffs' cases for resolution or evaluate other alternatives for disposing of plaintiffs' cases.

(4) The public policy favoring disposition on the merits is overridden by Plaintiffs'

failure to comply with PTO 31 and PTO 35 and the Special Master's Compliance Orders. The Court finds that Plaintiffs' failure to provide the required material obstructs resolution of their claims on the merits. A case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Accordingly, this dismissal factor does not weigh in favor of Plaintiffs at all.

(5) There are no less drastic sanctions available to force Plaintiffs to comply with this Court's orders. The Court finds that PTO 31 and PTO 35 (by reference to PTO 31) and the Special Master's Compliance Orders both provide specific warnings stating that plaintiffs' claims may be dismissed with prejudice for failure to comply with their obligations. The Court also finds that Plaintiffs received warning letters from Defendants that prompted no response.

Accordingly, after weighing the dismissal factors discussed in *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), and *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006), and in light of this Court's role in overseeing this multidistrict litigation, the Court hereby finds that dismissal of Plaintiffs' claims with prejudice is warranted.

THEREFORE, IT IS HEREBY ORDERED THAT the Pfizer Defendants' Expedited Motion is GRANTED and the claims of the plaintiffs listed in this caption are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: February 4, 2011

HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE